[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13387
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cr-80027-KAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES CLIFTON JERRY, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 28, 2015)


Before JORDAN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

James Jerry appeals his 180-month sentence, after pleading guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(e).  Jerry challenges his enhanced sentence under the Armed Career Criminal Act (ACCA) on multiple grounds, including that the residual clause is void for vagueness.

Under the ACCA, a person who violates § 922(g) and has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is subject to a mandatory minimum sentence of 15 years.  18 U.S.C. § 924(e)(1).  The ACCA defines "violent felony" in several ways, one of which is commonly called the residual clause.  Under that clause, a violent felony is any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  *Id.* § 924(e)(2)(B)(ii).

The district court sentenced Jerry under the ACCA after finding that he had three qualifying prior convictions, all three of which qualified under the residual clause.  Jerry argued both before the district court and in his opening brief on appeal that the residual clause is unconstitutionally vague.  In light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Government concedes that Jerry is correct.  *See id.* at 2563.  We vacate and remand for resentencing without reference to the residual clause.

**VACATED and REMANDED.**